**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES R. MISCHKA,** | ) | **CASE NO. 1:09CV2291** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

Plaintiff James R. Mischka ("Mischka"), through counsel Paulette F. Balin ("Balin"), filed a timely application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 25.) The Commissioner of Social Security ("Commissioner") filed a response requesting the Court to deny Mischka's motion as the Commissioner's position was substantially justified. (Doc. No. 27.) Mischka filed a reply on November 18, 2010. (Doc. No. 28.) The parties consented to the jurisdiction of the undersigned Magistrate Judge for entry of final judgment in this case pursuant to 28 U.S.C. § 636(c)(1). (Doc. Nos. 8-9.) For the following reasons, Mischka's motion for attorney fees is GRANTED in part and DENIED in part.

**I. Procedural History**

The instant action was filed on October 5, 2009. (Doc. No. 1.) On July 13, 2010, the Court vacated the decision of the Commissioner and remanded the matter for further proceedings. Mischka filed a timely motion for attorney fees pursuant to the EAJA in the amount of $6,000.02, representing 35.7 hours, payable directly to counsel.[1] (Doc. No. 25.) The

---

[1] Of the total, 8.7 hours were from 2009 at an hourly rate of $166.25. The other 27 hours were from 2010, at an hourly rate of $168.75. (Doc. No 25-2, Exh. B.)

Commissioner opposes the request and asserts that the government's position was substantially justified. (Doc. No. 27.) The Commissioner also challenged the amount of time claimed by counsel, but not the rate of the fees requested. *Id*.

## II. Analysis

### A. Applicable Law

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A). It is undisputed that St. Clair is an eligible and prevailing party.

The "substantial justification standard" is essentially one of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 884 (1989); *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989). The pertinent inquiry is whether the Commissioner's position in initially denying benefits and defending the denial in federal court had a reasonable basis in law and fact. *Pierce*, 487 U.S. 552, 565; *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999 (unpublished). The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, fails to "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id.*; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting* 20 C.F.R. § 402.35(b)(1)).

### B. Commissioner's Litigation Position

The Commissioner asserts that his position was substantially justified because "the

2

government's position, as an inclusive whole, was reasonable." (Doc. No. 27 at 4-5.) The Commissioner contends that the ALJ's failure to articulate the reasons for discounting an expert's opinion does not render the ALJ's rejection of such opinion *per se* erroneous. *Id*. Rather, the Commissioner asserts because the ALJ's opinion was "merely ... not explicit enough" his litigation position, based on the record, was justified. *Id*.

As this Court concluded, however, the ALJ's decision was "replete with inadequately explained findings. Most notable is the ALJ's failure to adequately discuss the weight given to the expert opinions of state agency physicians." (Doc. No. 23.) Essentially, the Court found that the ALJ failed to follow Social Security Ruling 96-6p, 1996 SSR LEXIS 3 ("SSR 96-6p"), which states that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the [ALJ] and Appeals Council levels of administrative review ... [and that ALJs] "may not ignore these opinions and must explain the weight given to these opinions in their decisions."[2] *Id*. The ALJ's mistake was not merely an articulation error. Instead, the ALJ plainly did not follow the Social Security Administration's procedures properly. The government's litigation position must have a reasonable basis in law *and* fact. Where there might be sufficient factual evidence in the record to support an ALJ's decision, the government's decision to defend a deficient opinion is not thereby rendered *per se* reasonable.

The Court recognizes the difficulty experienced by the Commissioner in making decisions to defend based upon lengthy and complicated records. Here, all things considered, the Court finds Mischka is entitled to attorney fees under the EAJA.

---

[2] *See* 20 C.F.R. § 402.35(b)(1) ("We publish Social Security Rulings in the Federal Register under the authority of the Commissioner of Social Security. They are binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that we have adopted.")

### C. Amount of Fees and Payment

As noted above, the Commissioner also challenges the amount of time claimed by counsel, but not the rate of the fees requested.  The Commissioner has not challenged the hourly rate requested by counsel, but argues that certain activities performed by counsel should not be included in an award of attorney's fees. (Doc. No. 27 at 5.)  The Commissioner challenges attorney Balin's review of "non-substantive notifications from the court ... [as Plaintiff's attorney] bills consistently and repeatedly to review 'docket text.'" *Id*.  These challenged reviews of the docket text amount to approximately 1.8 hours of the requested 35.7 hours.  *Id*.  It is not unreasonable for a diligent attorney to spend a few minutes reviewing the electronic notice of documents filed with the Court.  In most instances, the time attorney Balin requested for such work was rather minimal (*i.e.* one-tenth of an hour or six minute increments).  Nonetheless, many of these reviews were of the most basic docket entries such as motions for extension of time and returns of service where even six minutes of review is excessive, especially when one considers the cumulative effect of such billings. (Doc. No. 25, Exh. B.)  Moreover, counsel spent over thirty minutes reviewing a Joint Notice of Proposed Consent and subsequent Consent Order, as well as twelve minutes reviewing a rudimentary one-page motion for extension of time file by opposing counsel.  *Id*.  As such, the Court will reduce Mischka's fee request by one-hour at the 2010 rate, a reduction of $168.75.

Also, attorney Balin has attached a copy of an Attorney Fee contract and a sworn affidavit showing that on January 18, 2010, Mischka consented to have all EAJA fees assigned to counsel.  (Doc. No. 25, Exhs. A & C.)  While the Commissioner has frequently challenged direct payment of EAJA fees to a plaintiff's attorney, he has not done so in this case.  The Sixth Circuit has held that pursuant to the EAJA, attorney fees are to be awarded to a plaintiff who is the "prevailing party," not his counsel.  *Bryant v. Comm'r. of Soc. Security*, 578 F.3d 443, 446-449 (6th Cir. 2009).  This holding was found to be applicable even when a written fee contract was entered into calling for assignment of any EAJA award to the attorney.  *See Rosenstiel v. Astrue, Comm'r. of Soc. Security*, 2009 WL 3061996, *2, Case No. 2:08-231 (E.D. Ky. Sept. 22, 2009)(unpublished).  Nonetheless, the United States Supreme Court has noted that statutory fee

4

awards can coexist with private fee arrangements. *Venegas v. Mitchell*, 495 U.S. 82, 88 (1990). Under § 1988, which legal principles are similar to the EAJA, the Supreme Court has noted that "it is the party's right to waive, settle, or negotiate" a claimant's eligibility to attorney fees. *Venegas*, 495 U.S. at 87-89; *see also Astrue v. Ratliff*, 2010 U.S. LEXIS 4763 (U.S. June 14, 2010) (finding that claimants, and not their attorneys, are the prevailing parties under the EAJA, but noting the Government's practice of direct payment to attorneys where claimants do not owe a debt to the government and the claimants have made an assignment of their rights to receive attorneys fees).

### III. Conclusion

Mischka's application for attorney fees under the EAJA (Docket No. 25) is hereby GRANTED in part and DENIED in part. This Court authorizes Defendant to make payment of $5,833.88 in EAJA fees to Paulette F. Balin, 7372 Lakeshore Boulevard, Mentor, Ohio 44060.

IT IS SO ORDERED.

s/ Greg White
United States Magistrate Judge

Date: November 29 , 2010